IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 09-cv-02781-LTB-BNB

DEBRA WINN, PERSONAL REPRESENTATIVE FOR THE ESTATE OF BRANDIN WINN

   Plaintiff,

v.

CITY OF AURORA; and
CITY AND COUNTY OF DENVER;
FRANCIS FANIA, in his individual capacity,

   Defendants.
_____

**ORDER**
_____


   THIS MATTER is before the Court on Defendant The City and County of Denver's (hereinafter "Denver") Motion to Dismiss Pursuant to Fed. R. Civ. P. 129b)(6), filed December 29, 2009 (docket #6); Plaintiff's Response, filed January 12, 2010 (docket #80); Defendant Denver's Reply, filed January 26, 2010 (docket #9); Defendant Fania's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (docket #10); Plaintiff's Response, filed April 9, 2010 (docket #31); Defendant Fania's Reply, filed April 26, 2010 (docket # 36); and Defendant City of Aurora's (hereinafter "Aurora") Motion to Dismiss Pursuant to Fed.R.Civ.P 12(b)(6), filed February 9, 2010 (docket #11); Plaintiff's Response, filed April 9, 2010 (docket #30). In the interest of efficiency, I will address these motions in one order. Oral argument would not materially assist the determination of these motions. After consideration of the motions, the papers, and the case file, and for the reasons stated

below, I grant Denver and Aurora's Motions to Dismiss and deny Defendant Fania's Motion to Dismiss.

**I.  BACKGROUND**

The following facts are those alleged in the Amended Complaint. This case arises out of a December 2, 2008, incident in Aurora, Colorado. Officers from the Joint Fugitive Apprehension and Surveillance Team and the Fugitive Location and Apprehension Group went to Brandin Winn's home to apprehend him on a warrant signed by a Denver County Judge. Aurora and Denver officers worked together to locate Brandin Winn and to set up a time for him to meet a person he supposedly had met at a club on an earlier date. As Mr. Winn left his residence, the officers, in plain clothes arrived at his residence in unmarked police cars. They never announced that they were police officers to Mr. Winn. The Defendant Officers immediately yelled for Mr. Winn to drop to the ground. Mr. Winn jogged away from them. As he was jogging away, he was chased by Officer O'Neill. While Officer O'Neill chased Mr. Winn, Aurora Officer Fania shot at Mr. Winn twice, striking him in the upper part of the back. This gunshot was fatal. Eyewitnesses to the shooting state that Mr. Winn did not have gun at the time he was running away. The Denver officers handcuffed Brandin Winn but did not offer any aid to him after the shooting occurred. Mr. Winn died shortly after being shot. After Officer Fania shot Mr. Winn, the officers went into his home, without a warrant, and retrieved his personal property.

Plaintiff, Debra Winn, Personal Representative for the Estate of Brandin Winn, alleges the following claims for relief in her First Amended Complaint and Jury Demand, filed April 9, 2010 (docket #29): 1) 42 U.S.C. § 1983 Civil Action for Depravation of Fourteenth and Fourth Amendment Rights against Defendant City of Aurora and City and

County of Denver; 2) Violations of Constitution Rights against Defendant City of Aurora; and 3) 42 U.S.C. § 1983 Civil Action for Depravation of Fourteen and Fourth Amendment Rights against Defendant Francis Fania.

**II.     STANDARD OF REVIEW**

Fed. R. Civ. P. 12(b)(6) permits a defendant to file a motion to dismiss for failure to state a claim upon which relief can be granted.  In reviewing such a motion to dismiss, the court must "look for plausibility in the complaint."  *Corder v. Lewis Palmer School Dist. No. 38*, 566 F.3d 1219, 1233 (10th Cir. 2009).  This means the complaint must "include enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1223-24 (internal quotations omitted).  The allegations "must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."  *Id.*  In reviewing a motion to dismiss under Rule 12(b)(6), courts may consider the allegations of the complaint and "also attached exhibits ... and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950. If the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the Court should dismiss the claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); *see also Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *See Robbins v.*

3

*Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (*quoting Bell Atlantic*, 127 S. Ct. at 1974). "Plausibility," however, does not refer to the likelihood that the allegations can be proven or even that the allegations are true. *See id.*

Determining "whether a complaint states a plausible claim" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See Ashcroft*, 129 S. Ct. at 1950. While the factual allegations need not be pleaded in great detail, they must be sufficiently precise to raise a right to relief above the speculative level. *See Bell Atlantic*, 127 S. Ct. at 1964-65, 1969 (abrogating the rule of *Conley v. Gibson*, 355 U.S. 41, 44-45, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but not shown--that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (internal formatting omitted). Accordingly, "within the context of the claim alleged, the complaint must contain enough specific allegations of fact to show that if all the alleged facts--and only the alleged facts--are believed to be true, the plaintiff has a claim for relief." *Knox*, 566 F. Supp. 2d at 1222; *see Bell Atlantic*, 127 S. Ct. at 1965; *Robbins*, 519 F.3d at 1247-48.

### III. ANALYSIS

#### A. Defendant City and County of Denver

As an initial matter, I must note that in her Response, Plaintiff concedes that there is no respondeat superior liability on the part of a municipality for alleged constitutional violation by its employees and she does not object to the dismissal of Plaintiff's third claim for relief as alleged in her initial complaint. Plaintiff raises no such claim in her Amended Complaint. Therefore, I find that I need not address Defendant Denver's argument that the Third Claim for Relief is subject to dismissal because the issue is moot.

Defendant Denver also argues that Plaintiff's First and Third Claims for Relief are subject to dismissal because they fail to state a claim by the Plaintiff, Debra Winn. Defendant Denver argues that Debra Winn has no civil rights cause of action based upon alleged violations of her son's civil rights. The remedy for a § 1983 violation resulting in death of the victim is a survival action brought by the estate of the deceased victim. *Berry v. City of Muskogee*, 900 F.2d 1489, 1506-07 (10th Cir. 1990). While Debra Winn's initial complaint named her as the Plaintiff, Ms. Winn's First Amended Complaint remedies this deficiency by filing as Debra Winn, Personal Representative for the Estate of Brandin Winn. As such, I find that this issue is moot.

Finally, Defendant Denver argues that the First and Third Claims for relief fail to allege the elements of a municipal liability claim against Denver. "Under 42 U.S.C § 1983, a local government may be held liable for the constitutional violation of its employees only when employee action pursuant to official municipal policy... caused a constitutional tort." *Hollingsworth v. Hill*, 110 F.3d 733, 742 (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 56 L.Ed. 2d 611, 98 S. Ct. 2018 (1978))(internal citations removed). "To

5

establish municipal liability a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violations alleged. *Id.* (citing *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996))(citations omitted). "A municipality may not be held liable under 42 U.S.C. § 193 simply because it employs a person who violated a plaintiff's federally protected rights. *Jenkin*s, 81 F.3d at 993 (citing *Monell*, 436 U.S. at 694).

Defendant Denver asks me to dismiss Plaintiff's § 1983 claim, because she does not identify a specific policy or custom of the City and County of Denver that allegedly resulted in a constitutional violation by a Denver police officer. Plaintiff responds that the Defendant Officers were acting under the specific policy and procedures of the City and County of Denver when carrying out their official duties of Defendant Denver. "One way for a plaintiff to state a claim for municipal liability is to allege that an express policy deprives the plaintiff of a constitutional right." *Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1279 (10th Cir. 2009). A plaintiff may also show that an official policy was the "moving force" behind a constitutional violation by showing that an unconstitutional act was committed by an official with final policymaking authority. *Simmons v. Uintah Health Care Special Dist.*, 506 F.3d 1281, 1284-54 (10th Cir. 2007).

Here, Plaintiff has not alleged that an express policy or an act by an official with final policy making authority caused the alleged constitutional violation by a Denver police officer. Plaintiff's allegations are conclusory at best, which are insufficient to state a claim against Defendant Denver. As such, I will grant Denver's Motion to Dismiss.

        B.       <u>Defendant City of Aurora</u>

In Plaintiff's initial Complaint, she brought three civil rights claims against Aurora.

The First Claim for Relief alleged that Aurora violated Brandin Winn's Fourth and Fourteenth Amendment rights because excessive force was used during his arrest. The Second Claim for Relief alleged that Aurora was liable for the civil rights violations allegedly committed by Fania under the doctrine of respondeat superior. The Fourth Claim for Relief alleged "violations of civil rights." As stated above, on April 9, 2010, Plaintiff filed her First Amended Complaint and Response to Defendant Aurora's Motion to Dismiss. Plaintiff concedes regarding claims two and three set forth in her complaint that there is no claim for respondeat superior liability. Plaintiff did not seek to pursue these claims in her First Amended Complaint. Therefore, I find that this issue is moot. Plaintiff has also amended her Complaint to bring the claims for constitutional violations in her capacity as Personal Representative for the Estate of Brandin Winn. As such, I find that Defendant Aurora's objection to this issue is moot. The only issue remaining is whether Plaintiff's First and Fourth Claims for Relief fail to allege the elements of a municipal liability claim against Aurora.

Aurora asserts that the Complaint fails to allege any policy or custom of Aurora that allegedly resulted in a constitutional violation. For the reasons stated above as to Defendant Denver, I find that Plaintiff has not alleged that an express policy or an act by an official with final policy making authority caused the alleged constitutional violation by a Aurora police officer. Plaintiff's allegations are conclusory at best, which are insufficient to state a claim against Defendant Aurora. As such, I will grant Aurora's Motion to Dismiss.

    C.    <u>Defendant Fania</u>

Plaintiff has amended her Complaint with regard to her fifth claim for relief against Defendant Fania. Plaintiff now brings a claim under 42 U.S.C. § 1983 against Defendant

Fania in his individual capacity. For the reasons stated above, I find that the arguments raised in Defendant Fania's Motion to Dismiss are now moot. Therefore, I order that Defendant Fania's Motion to Dismiss is denied.

## IV. CONCLUSION

Defendant The City and County of Denver's Motion to Dismiss Pursuant to Fed. R. Civ. P. 129b)(6), filed December 29, 2009 (docket #6) is **GRANTED**. Defendant Fania's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (docket #10) is **DENIED**; and Defendant City of Aurora's (hereinafter "Aurora") Motion to Dismiss Pursuant to Fed.R.Civ.P 12(b)(6), filed February 9, 2010 (docket #11) is **GRANTED**. It is

FURTHER ORDERED that the claims against Defendant The City and County of Denver and Defendant City of Aurora are **DISMISSED**, with costs awarded to them.

Dated: May  21 , 2010.

BY THE COURT:

  s/Lewis T. Babcock  
Lewis T. Babcock, Judge