IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02781-LTB-BNB

DEBRA WINN,

Plaintiff,

v.

FRANCIS FANIA, in his individual capacity

Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER**

---

This matter arises on the defendant's **Motion to Dismiss for Failure to Prosecute Pursuant to Fed. R. Civ. P. 41(b)** [Doc. #53, filed 01/03/2011] (the "Motion to Dismiss"). I respectfully RECOMMEND that the Motion to Dismiss be GRANTED.

The facts relevant to the Motion to Dismiss are as follows:

1. The plaintiff, through counsel, filed this action on November 30, 2009, against defendant Fania and others [Doc. #1].[1]

2. On October 1, 2010, the plaintiff's counsel filed two Motions to Withdraw [Docs. #47 and #48]. The motions to withdraw provided the last known address and telephone number for the plaintiff at 10970 Lem Turner Road, Apt. 714, Jacksonville, Florida, 32218, (904) 412-8300. The motions advised the plaintiff of her obligation to notify the court of any change of address. The motions to withdraw were granted on November 15, 2010 [Doc. #50].

---

[1]The other defendants have been dismissed [Doc. #39].

3. The discovery cut-off was January 13, 2011 [Doc. #45, ¶ 9b]. The parties were ordered to designate experts on or before October 31, 2010, and rebuttal experts on or before November 30, 2010 ]Doc. #45, ¶¶ 9d(3) and (4). A five day jury trial is set for October 24, 2011 [Doc. #42].

4. On November 5, 2010, Fania served written discovery on the plaintiff at her last known address. *Motion*, Ex. A. The envelope containing the discovery was returned as undeliverable. Id. The discovery was re-sent on 11/17/2010. It was again returned as undeliverable. Id. at Ex. B.

5. On December 2, 2010, Fania sent the plaintiff a notice of deposition for January 5, 2011. Id. at Ex. C. The envelope containing the notice was returned as undeliverable. Id.

6. The plaintiff has not conducted any discovery in this matter and all attempts to propound discovery against the plaintiff have been returned as undeliverable.

7. On January 4, 2011, the district judge ordered the plaintiff to file a response to the Motion to Dismiss on or before January 25, 2011 [Doc. #54]. The envelope containing the order was returned as undeliverable on January 11, 2011 [Doc. #56]. The plaintiff has not responded to the Motion to Dismiss.

8. This case is set for a Pretrial Conference on April 22, 2011, and a proposed Pretrial Order was due on or before April 4, 2011 [Doc. #45]. On March 17, 2011, counsel for defendant sent a letter to the plaintiff requesting that she contact his office to confer regarding preparation of the Pretrial Order. The envelope containing the letter was returned as undeliverable. *Supplement to Defendant's Motion to Dismiss for Failure to Prosecute Pursuant to Fed. R. Civ. P. 41(b)* [Doc. #57] (the "Supplement"), Ex. A.

9. The plaintiff has not notified the court or defense counsel of a change of address. She has not participated in this action since her attorney withdrew from representation.

The defendant seeks dismissal of the plaintiff's complaint pursuant to Fed.R.Civ.P. 41(b). Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

The plaintiff has failed to comply with the discovery rules and court orders. Therefore, dismissal of the action with prejudice pursuant to Rule 41(b) may be an appropriate sanction. Before recommending dismissal with prejudice, however, I must evaluate the following factors:

> (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct." Id. at 920.

Applying the Ehrenhaus factors, I find that the prejudice to the defendant is appreciable. The defendant has answered the Complaint [Doc. #40] and has attended a Scheduling Conference [Doc. #43]. However, he has been precluded from conducting discovery necessary

to defend against the plaintiff's claims. In addition, he has had to incur the expense of filing a motion to dismiss for failure to prosecute.

The plaintiff's failure to prosecute has interfered with the judicial process. Instead of addressing the merits of this case, the court is addressing the plaintiff's failure to provide discovery and her failure to comply with court orders.

The plaintiff is obviously culpable. She was made aware of her obligations to provide discovery at the Scheduling Conference, but nevertheless appears to have abandoned her case. In addition, the plaintiff was advised in the Motion to Dismiss that her failure to prosecute could result in dismissal of her case under Rule 41(b).

A sanction less than dismissal with prejudice would not be effective. The plaintiff has ignored the rules of discovery and court orders. Her conduct demonstrates a lack of respect for the court and the judicial system. Dismissal with prejudice is the only effective sanction.

I respectfully RECOMMEND that the Motion to Dismiss [Doc. #53] be GRANTED and that this action be DISMISSED WITH PREJUDICE pursuant to Rule 41(b), Fed. R. Civ. P.

Further, IT IS ORDERED:

1. The Pretrial Conference set for April 11, 2011, is VACATED; and

2. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this

recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated April 6, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge